IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

DEAN PROPERTIES, LLC )
)
and )
)
JAMES V. DEAN )
)
and )
)
MARLA D. DEAN )
)
*Plaintiffs*, )
)
v. )
)
SYNCHRONIZED ORGANIZATIONAL ) Case No. 1:16-CV-50
SOLUTIONS INTERNATIONAL LTD ) LO/TCB
)
Serve: Secretary of Commonwealth of Virginia )
1111 E. Broad Street, #4 )
Richmond, VA 23219 )
)
and )
)
DAVID B. KAPLAN )
)
Serve: Secretary of Commonwealth of Virginia )
1111 E. Broad Street, #4 )
Richmond, VA 23219 )
)
*Defendants*. )



## COMPLAINT

The plaintiffs, James V. Dean, Marla D. Dean, and Dean Properties, LLC ("Plaintiffs"), by counsel, allege the following as its Complaint against the defendants, Synchronized Organizational Solutions International, LTD ("SOSI") and David B. Kaplan ("Mr. Kaplan");

## PARTIES

1. James V. Dean is an individual residing at 16051 Guard Hill Court, Haymarket, VA 20169.

2. Marla D. Dean is an individual residing at 16051 Guard Hill Court, Haymarket, VA 20169. The Deans are husband and wife.

3. Dean Properties, LLC is a Virginia Limited Liability Company located at 16051 Guard Hill Court, Haymarket, VA 20169.

4. SOSI and its principal, Mr. Kaplan, engage in activities reserved for registered investment advisers and broker-dealers, including soliciting investors to invest in securities and investment vehicles and facilitating the buying, selling and trading of stocks, futures, options, commodities, precious metals and other securities. Neither SOSI nor Mr. Kaplan is a registered investment adviser or broker-dealer with the United States Securities and Exchange Commission or FINRA, nor is SOSI or Mr. Kaplan an investment advisor or broker-dealer registered with the Commonwealth of Virginia State Corporation Commission.

5. SOSI is not an entity in good standing in any State of the United States. A seemingly related entity previously owned and managed by Mr. Kaplan was Synchronized Organizational Solutions, LLC, a Nevada limited liability company. The Nevada entity has been inactive since 2010 and is listed as in "default" with the Nevada Secretary of State. Another seemingly related entity previously owned and managed by Mr. Kaplan was Synchronized Organizational Solutions, LLC, a Washington limited liability company. The Washington entity has been inactive since 2012.

6. Two international entities appear to possibly be related to SOSI. They are Synchronized Organizational Solutions International S.A. of Panama and Synchronized Organizational

Solutions International (HK) Limited of Hong Kong. Neither is registered to do business in any State of the United States.

7. David B. Kaplan is an individual citizen and resident of the State of Washington, residing at 23715 East First Avenue, Liberty Lake, WA 99019. He purports to be the principal of SOSI. He is a licensed California attorney.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331(Federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction), as this action involves claims arising under Federal securities laws. Supplemental jurisdiction is also present under 28 U.S.C. § 1367. Diversity jurisdiction is also present as plaintiff asserts other claims arising under Virginia common law and the citizenship of the defendants is diverse from that of the plaintiffs and the amount at issue is more than $75,000.00, exclusive of attorneys' fees and costs.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTS

10. SOSI and Mr. Kaplan solicit, receive, and represent that they invest client funds in private investment vehicles. SOSI and Mr. Kaplan also purport to buy, sell and trade various securities for its clients through the investment vehicles or partner with individuals and entities which buy, sell and trade various securities for clients through the investment vehicles.

11. Mr. Kaplan holds himself out to be the sole Director of SOSI.

12. SOSI and Mr. Kaplan advertise SOSI to be a "global investment firm specializing in select joint-venture opportunities to augment private wealth, fund humanitarian projects and

provide financial support to non-profit organizations throughout the United States and the World."

13. In this case, SOSI solicited and received funds from Plaintiffs to invest in private investment vehicles. Mr. Kaplan represented to Plaintiffs that the funds would be used to buy, sell and trade a variety of securities and investment vehicles, including futures, options, CFDs, stocks, forwards, commodities, precious metals, crude oil, forex and other transactions within the international capital markets through private bankers and traders affiliated with SOSI.

14. James V. Dean, and his wife, Marla D. Dean, initially invested €750,000.00 (or $934,000.00) with SOSI for an interest in a joint venture arrangement set forth in a "Joint Venture" Investment Agreement. The Deans and SOSI executed a Joint Venture Investment Agreement dated December 1, 2014 (the "Agreement"). A true and correct copy of Agreement is attached hereto as **EXHIBIT A**.

15. Thereafter, the parties acknowledged and agreed that any and all past present or future investments would be and had been made by Dean Properties, LLC. The parties amended the Agreement to make clear that Dean Properties, LLC was the client and had invested all funds on deposit with SOSI in the alleged investment vehicle. Because this amendment may have been improperly executed, we join James V. Dean and Marla D. Dean as plaintiffs. A true and correct copy of an Addendum to the Agreement, dated June 25, 2015, is attached hereto as **EXHIBIT B**.

16. Plaintiffs invested a total of $4,070,000.00 with SOSI for the same investment purposes listed above. True and correct copies of a First Addendum and two separate and distinct documents entitled "Second Addendum" to the December 1, 2014 Agreement are attached hereto as **EXHIBITS C, D and E**, respectively. Again, the addenda specified that Plaintiffs had invested a total of $4,070,000.00 with SOSI and Mr. Kaplan.

17. Under the Agreement, SOSI assumed the role of a fiduciary to Plaintiffs. SOSI was obligated to make monthly distributions of profits to Plaintiffs and to account for Plaintiffs' investments' performance.

18. The Agreement has a one year term which expired on November 30, 2015. Under the express terms of the Agreement, Plaintiffs can terminate the Agreement by written communication addressed to SOSI following SOSI's nonperformance of its contractual and fiduciary obligations to make monthly profit distributions.

19. Except for the profits payment for December 2014, which payment by SOSI was short $23,350, Plaintiffs received monthly profit distributions each representing an approximate 11% monthly return on the total capital Plaintiffs had invested with SOSI at the time.

20. Each of the profit distributions was for the calendar month preceding the distribution date, as required under the terms of the Agreement.

21. SOSI and Mr. Kaplan have acknowledged to Plaintiffs multiple times in writing that a profit distribution of $447,700.00 for the month of September 2015 has been earned and is due and owing. SOSI has failed and refused to make this distribution by the end of October, as required by the terms of the Agreement. SOSI's failure to do so constitutes a breach of the Agreement, a breach of SOSI's fiduciary duties, and this breach entitles Plaintiffs to terminate the Agreement.

22. As of the filing of this Complaint, the Agreement has terminated, and Plaintiffs are entitled to the immediate return of the capital invested with SOSI, totalling $4,070,000.00 and profits for the month of October in the amount of $447,700.00 (as represented by Mr. Kaplan) and profits for the period beginning November 2015 to date.

23. Mr. Kaplan and SOSI have represented on numerous occasions that they would return Plaintiffs' capital in the amount of $4,070,000.00, and have inconsistently represented the location of these funds, which they have represented are either at ING Bank in the Netherlands or under the control of an unnamed "Luxembourg Fiduciary."

24. In spite of Plaintiffs' demand to return the capital invested and due and unpaid profits, SOSI has failed and refused to do so, in breach of its obligations under the parties' Agreement. The Agreement has no restriction on the return of capital following the termination of the Agreement.

25. SOSI and Mr. Kaplan offered, recommended, advertised, marketed and sold the private investment vehicles and investment opportunities, including securities described above, to Plaintiffs. In so doing, SOSI and Mr. Kaplan acted as investment advisers, financial service providers and broker-dealers to Plaintiffs, owing duties of diligence and due care to Plaintiffs. SOSI and Mr. Kaplan took and accepted $4,070,000.00 from Plaintiffs to invest.

26. At no time was SOSI or Mr. Kaplan a registered investment adviser or broker-dealer either with the SEC, FINRA or the State Corporation Commission (referred to as "investment advisors" under Virginia law). Further, SOSI was not a business entity in good standing in Virginia or in any other state, nor was SOSI a foreign entity authorized to do business in Virginia. The investment vehicles and securities purchased were not registered with the Securities and Exchange Commission (or any state or federal government regulatory entity).

27. The entire scheme orchestrated by SOSI and Mr. Kaplan appear to be nothing more than an unsophisticated, high-dollar Ponzi scheme. SOSI and Mr. Kaplan have not informed Plaintiffs where or how their capital was or is invested. They have provided Plaintiffs with no

12515/2/7344727v5

prospectus(es), account statements, financial records, stock certificates or any other evidence that the funds Plaintiffs delivered to Mr. Kaplan and SOSI are invested for the benefit of Plaintiffs.

28. Mr. Kaplan is operating SOSI as his alter ego. On information and belief, Mr. Kaplan and SOSI have comingled funds. SOSI has not followed corporate formalities, as evidenced by its lack of existence, registration or authorization to do business in Virginia or any other state.

29. Mr. Kaplan and SOSI have represented to Plaintiffs that Plaintiffs' client investment account is an IOLTA attorney account in the State of Washington. Indeed, Mr. Kaplan had SOSI and Mr. and Mrs. Dean execute "Investment Escrow Agreements" for each infusion of capital stating that the client investment account is an IOLTA attorney account. See **EXHIBIT F**, attached hereto.

30. This scheme orchestrated by defendants bears all of the hallmarks of a Ponzi scheme and a complete and utter fraud.

## COUNT ONE: BREACH OF CONTRACT/ANTICIPATORY BREACH OF CONTRACT

31. The preceding paragraphs are incorporated and restated herein by reference.

32. SOSI had a contractual relationship with Plaintiffs by which Plaintiffs invested funds with SOSI to purchase certain securities.

33. Pursuant to the contract, SOSI was obligated to make monthly distributions of profit to Plaintiffs. SOSI failed to distribute $23,350.00 in profit for December 2014 and SOSI failed to distribute $447,700.00 in profit earned during the month of September 2015.

34. In breach of its obligations under the Agreement, SOSI failed and refused to make the distribution in this amount to Plaintiffs by the end of October 2015, notwithstanding its written admissions that such a profit distribution had been earned and was due and payable to Plaintiffs, as of October 31, 2015.

12515/2/7344727v5

35. After SOSI breached its obligation to make the monthly profit distribution, the Agreement terminated by its express terms. Upon termination, Plaintiffs are entitled to the return of all capital, totaling $4,070,000.00. In breach of the Agreement, SOSI has failed and refused to release to Plaintiffs their capital invested in the amount of $4,070,000.00.

36. Mr. Kaplan represented to Plaintiffs that profits were earned and remain unpaid for the month of October in the amount of $447,700.00.

37. Plaintiffs are unaware of the amount of profits earned on their investment capital from November 2015 to date.

38. Mr. Kaplan has directly and unconditionally admitted to counsel for Plaintiffs that he and SOSI are in breach of contract, or anticipatory breach of contract (as to the October profit distribution).

39. For the reasons stated above, SOSI breached the contract resulting in damages to Plaintiffs in the amount of $4,988,750.00 plus profits for the period beginning November 2015 to date.

## COUNT TWO: BREACH OF FIDUCIARY DUTY

40. The preceding paragraphs are incorporated and restated by reference.

41. Under the terms of the Agreement, SOSI and Mr. Kaplan agreed to employ all appropriate care and diligence as a fiduciary to Plaintiffs. SOSI and Mr. Kaplan further agreed to affect monthly distributions of profits to Plaintiffs in their capacity as fiduciaries and to maintain client information and documents in its fiduciary role.

42. SOSI and Mr. Kaplan breached these fiduciary duties by failing to pay Plaintiffs the profit distribution for the period beginning September 2015 to date and failing to return to Plaintiffs the capital it had invested upon the termination of the parties' agreement.

43. SOSI and Mr. Kaplan breached these fiduciary duties to Plaintiffs by utterly failing to provide it with truthful and accurate information regarding where and how Plaintiffs' capital was or is invested. SOSI and Mr. Kaplan have failed to provide any documentation or information whatsoever in this regard, other than an Investment Escrow Agreement indicating that Plaintiffs' funds are or were supposedly in Mr. Kaplan's attorney IOLTA account in the State of Washington, where Mr. Kaplan is <u>not</u> licensed to practice law.

44. As a direct and proximate result of these breaches of fiduciary duty, Plaintiffs has suffered damages in the amount of $4,988,750.00 plus profits for the period beginning November 2015 to date.

### COUNT THREE: VIOLATION OF SECTION 10(b) AND RULE 10b-5 OF THE 1934 EXCHANGE ACT

45. The preceding paragraphs are incorporated and restated by reference.

46. The acts, misrepresentations of material facts, and omissions to state other material facts in the course of conduct by SOSI constitutes manipulative or deceptive devices or contrivances in violation of § 10(b) of the 1934 Exchange Act (15 U.S.C § 78j(b)) and Rule 10b-5 promulgated thereunder in that:

    a. Such actions constituted a device, scheme or artifice to defraud; and

    b. Mr. Kaplan and SOSI made statements to Plaintiffs which contain misrepresentation of material facts which were false and misleading and they omitted to state other material facts and the actions and statements by them constituted a course of business which operated as a fraud and deceit upon Plaintiffs.

12515/2/7344727v5

47. As a result of the aforesaid acts, misrepresentations, omissions, and fraudulent course of conduct of SOSI and Mr. Kaplan, Plaintiffs have sustained damages in the amount of $4,988,750.00 plus profits for the period beginning November 2015 to date.

48. All of the actions alleged in this Complaint are done willfully, and in reckless disregard of Plaintiffs rights, entitling it in addition to punitive damages of $350,000.00.

### COUNT FOUR: VIOLATION OF SECTION 20(a) OF THE 1934 EXCHANGE ACT AGAINST MR. KAPLAN

49. The preceding paragraphs are incorporated and restated herein by reference.

50. Mr. Kaplan acted as a controlling person of SOSI within the meaning of Section 20(a) of the Exchange Act, as alleged herein. By virtue of his high-level position in SOSI, his participation in and awareness of SOSI's operations and intimate knowledge of false and misleading representations related to SOSI, Mr. Kaplan had the power to influence and control, and did influence and control the decision making of SOSI, including the content and dissemination of the various statements that Plaintiffs contend are false and misleading. Mr. Kaplan was involved with and had direct and supervisory involvement in the day-to-day operations of SOSI, and therefore had the ability, power, and control to prevent the dissemination of false and misleading statements and influence the transactions giving rise to securities violations as alleged herein.

51. As set forth above, SOSI and Mr. Kaplan violated Section 10(b), and Rule 10b-5 promulgated thereunder, by his acts and omissions as alleged in this Complaint.

52. By virtue of his position as a controlling person, Mr. Kaplan is liable pursuant to Section 20(a) of the 1934 Exchange Act. As a direct and proximate result of Mr. Kaplan's and SOSI's wrongful conduct, Plaintiffs suffered damages of $4,988,750.00 plus profits for the period

12515/2/7344727v5

beginning November 2015 to date in connection with its purchase of and investment in an interest in SOSI's investment scheme as alleged herein.

### COUNT FIVE: VIOLATION OF SECTION 17 OF THE 1933 SECURITIES ACT

53. The preceding paragraphs are incorporated and restated herein by reference.

54. SOSI and Mr. Kaplan violated Section 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q(a)) in that by use of a means or instrument of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, they employed a devise, scheme or artifice to defraud Plaintiffs, obtained money or property by means of untrue statements of material fact or omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and engaged in transactions, practices and courses of business which operated as a fraud or deceit on Plaintiffs.

55. As a direct and proximate result of Mr. Kaplan's and SOSI's wrongful conduct, Plaintiffs suffered damages of $4,988,750.00 plus profits for the period beginning November 2015 to date in connection with its purchase of and investment in an interest in SOSI's investment scheme as alleged herein.

### COUNT SIX: VIOLATION OF SECTION 15 OF THE 1933 SECURITIES ACT AGAINST MR. KAPLAN

56. The preceding paragraphs are incorporated and restated herein by reference.

57. This count is asserted against Mr. Kaplan and is based upon Section 15 of the Securities Act of 1933 (15 U.S.C. § 77o).

58. Mr. Kaplan, by virtue of his office, directorship, and specific acts was, at the time of the wrongs alleged herein and as set forth herein, a controlling person of SOSI within the meaning of Section 15 of the Securities Act of 1933.

59. Mr. Kaplan had the power and influence and exercised the same to cause SOSI to engage in the acts described herein.

60. Mr. Kaplan's position made him privy to and provided him with actual knowledge of the material facts concealed from Plaintiffs.

61. By virtue of his position as a controlling person, Mr. Kaplan is liable pursuant to Section 15 of the Securities Act of 1933. As a direct and proximate result of Mr. Kaplan's and SOSI's wrongful conduct, Plaintiffs suffered damages of $4,988,750.00 plus profits for the period beginning November 2015 to date in connection with its purchase of and investment in an interest in SOSI's investment scheme as alleged herein.

### COUNT SEVEN: VIOLATIONS OF SECTIONS 206(1) and 206(2) OF THE ADVISERS ACT

62. The preceding paragraphs are incorporated and restated herein.

63. SOSI and Mr. Kaplan at all relevant time were investment advisers within the meaning of Section 202(11) of the Advisers Act (15 U.S.C. § 80b-2(11)).

64. SOSI and Mr. Kaplan directly or indirectly, singly or in concert, knowingly or recklessly, through the use of the mails or any means or instrumentality of interstate commerce, while acting as investment advisers within the meaning of Section 202(11) of the Advisers Act: (a) have employed, are employing, or are about to employ devices, schemes, and artifices to defraud Plaintiffs; or (b) have engaged, are engaging, or are about to engage in acts, practices, or courses of business which operate as a fraud or deceit upon Plaintiffs.

65. As described in the paragraphs above, SOSI and Mr. Kaplan violated Sections 206(1) and 206(2) of the Advisers Act (15 U.S.C. §§ 80b-6(1), (2)).

66. As a direct and proximate result of Mr. Kaplan's and SOSI's wrongful conduct, Plaintiffs suffered damages $4,988,750.00 plus profits for the period beginning November 2015 to date in

12515/2/7344727v5

connection with the aforementioned violations of Sections 206(1) and 206(2) of the Advisers Act.

### COUNT EIGHT: VIOLATION OF THE VIRGINIA SECURITIES ACT

67. The preceding paragraphs are incorporated and restated herein.

68. SOSI and Mr. Kaplan sold securities to Plaintiffs. Under the Virginia Securities Act, the joint venture investment agreement qualifies as a "security" under Virginia Code § 13.1-501, a "security" includes "any note; stock;…bond; debenture;…evidence of indebtedness…investment contract, [or] any certificate of interest or participation in…or warrant or right to subscribe to or purchase, any of the foregoing." A "security" is also "any interest or instrument commonly known as a 'security'."

69. SOSI and Mr. Kaplan violated the Virginia Securities Act in that they were not registered to sell the security to Plaintiffs.

70. Defendants also violated the Act because the security was not registered under the Virginia Securities Act.

71. In addition, defendants violated the Act by engaging in fraudulent practices related to the sale of the security. Defendants employed a device, scheme or artifice to defraud Plaintiffs in the offer or sale of any securities, directly or indirectly.

72. In addition, the defendants, in violation of the Act, obtained money or property from Plaintiffs by means of untrue statements of a material fact or an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

73. In addition, the defendants, in violation of the Act, engaged in a transaction, practice or course of business which operated as a fraud or deceit upon the purchaser of the security: the Plaintiffs.

74. Under the Virginia Securities Act, Plaintiffs are entitled to recover the consideration paid for the security, $4,070,000.00, plus prejudgment interest and attorneys' fees.

75. As a result of defendants' violation of the Virginia Securities Act, Plaintiffs have suffered damages totalling $4,070,000.00, plus prejudgment interest at the statutory rate of 6%. It is entitled to damages in this amount, plus its attorneys' fees and costs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request damages against SOSI and Mr. Kaplan, jointly and severally, in the amount of $4,988,750.00 plus profits for the period beginning November 2015 to date, plus prejudgment interest at 6% and its attorneys' fees and costs incurred.

DEAN PROPERTIES, LLC, JAMES V. DEAN, AND MARLA D. DEAN, PLAINTIFFS

By: _____
Of Counsel

Kevin W. Holt (VSB No. 42866)
GENTRY LOCKE LLP
900 SunTrust Plaza
P.O. Box 40013
Roanoke, Virginia 24022-0013
(540) 983-9300
Fax: (540) 983-9400
holt@gentrylocke.com

Counsel for Plaintiff

12515/2/7344727v5