IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



)
DEAN PROPERTIES, LLC, JAMES V. DEAN, and )
MARLA D. DEAN, )
)
)
Plaintiffs, )
) Civil Action No. 1:16-cv-50
v. )
)
SYNCHRONIZED ORGANIZATIONAL )
SOLUTIONS INTERNATIONAL LTD and )
DAVID B. KAPLAN, )
)
Defendants. )
)

## MEMORANDUM OPINION

This matter comes before the Court on a Motion to Dismiss Counterclaim filed by Plaintiffs Dean Properties, LLC, James V. Dean, and Marla D. Dean. Dkt. No. 15. For the reasons outlined below, the Court finds good cause to GRANT the Motion.

### I. Background

In January of 2016, Plaintiffs filed this action against SOSI, a corporate entity, and David Kaplan, an individual and the sole director of SOSI. Plaintiffs allege that Defendants held SOSI out as a global investment firm that traded securities and specialized in joint-venture opportunities to augment private wealth, fund humanitarian projects and provided financial support to non-profit organizations. Sometime in 2014, Defendants solicited investment funds from James Dean and Marla Dean. The Deans agreed to invest in SOSI and the two entered into a Joint Venture Investment Agreement ("the Agreement") with SOSI on December 1, 2014. The Agreement had a one year term which expired on November 30, 2015. After the Agreement was

finalized, all future investments were made by Plaintiff Dean Properties, LLC. In total, Plaintiffs invested $4,070,000.00 in the joint venture.

Under the Agreement, SOSI was required to make monthly distributions of profits on the investment to Plaintiffs. Defendants made approximately 11% a month on their investment. For the most part, SOSI made these monthly payments. However, SOSI and Kaplan have failed and refused to make the distribution for the month of September 2015, during which the investment profited $447,700.00. Defendants also failed and refused to return the original capital investment, worth $4,070,000.00, when the Agreement expired. Defendants have inconsistently represented the location of the capital investment. Defendants have indicated that the funds are either at ING Bank in the Netherlands or under the control of a "Luxembourg Fiduciary."

Based on these facts, Plaintiffs bring a handful of claims against Defendants including securities fraud, breach of contract, and breach of fiduciary duties. Plaintiffs seek the return of all of the funds they are owed, plus profits made on these funds beginning on November 30, 2015, interest, costs, and attorneys' fees.

On March 14, 2016, Kaplan, acting pro se on behalf of himself and SOSI, filed an Answer, Counterclaim and Cross-claim. Dkt. No. 8. On March 21, 2016, Kaplan, again acting pro se, filed on behalf of himself and SOSI an Amended Answer, Counterclaim and Cross-Claim. On March 25, 2016, Plaintiffs filed a Motion to Strike the Amended Answer, Counterclaim and Cross-Claim,[1] to the extent it was filed by or on behalf of Defendant SOSI, on the grounds that SOSI, a corporate entity, must be represented by duly licensed counsel. Dkt. No. 12. Finding that SOSI was not represented by duly licensed counsel, the Court granted the Motion to Strike and struck the Amended Answer, Counterclaim and Cross-Claim to the extent it

---

[1] The Motion also requested default judgment. Dkt. No. 12. The Court did not find good cause to grant the Motion for Default Judgment and denied this request. Dkt. No. 19.

2

was filed by SOSI. Dkt. No. 19. This Order left in place the Amended Answer, Counterclaim and Cross-Claim as filed by Defendant Kaplan. The current Motion asks this Court to dismiss the Counterclaim contained in that remaining pleading for failure to state a claim.[2]

## II. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A motion to dismiss pursuant to Rule 12(b)(6) must be considered in combination with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555. While "detailed factual allegations" are not required, Rule 8 does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* Because a Rule 12(b)(6) motion tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't v. Montgomery County*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). Accordingly, a complaint may survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

---

[2] The current Motion also asks this Court to dismiss the Counterclaim filed by SOSI on the grounds that SOSI could not maintain a Counterclaim in this Court. Because the Court has already dismissed the Amended Answer, Counterclaim and Cross-Claim as filed by SOSI, the Court need not address this argument.

## III. Analysis

In full, the Counterclaim against "Plaintiff" states:

COUNTERCLAIM ONE: BREACH OF CONTRACT/CONFIDENTIALITY BY PLAINTIFF

1. Plaintiff is in violation of the executed Agreement in that Plaintiff violated Section 5.2b and Section 9 while sharing information about the project funding investment program with other investors from whom he ultimately accepted investment funds without Defendant's knowledge or authorization. Plaintiff then brought these investment funds under the Agreement between the parties, becoming part of the cumulative total investment capital sent through SOSI to the Luxembourg Fiduciary. This breach of contract and confidentiality has prejudiced Defendant's future access to the project funding investment program through the Luxembourg Fiduciary. This loss of future access denies Defendant millions of dollars of project funding for its private, non-profit foundation.

Dkt. No. 9.

In this counterclaim, Kaplan has not identified who "Plaintiff" is. There are, in fact, three Plaintiffs in this case. Kaplan also does not identify who the "other investors" are who gave Plaintiff "investment funds without Defendant's knowledge or authorization." Kaplan does not explain how the breach of contract has "prejudiced defendant's future access to the project funding investment program" or how the "loss of future access" has denied him millions of dollars. The counterclaim also contains no dates, so it is unclear when any of these events occurred.

The counterclaim is so vague that it falls far short of the Rule 8 pleading standard. Kaplan also has done nothing to save his Counterclaim. Kaplan has not filed a brief in opposition to this Motion and the time for doing so has expired. Over 18 days have passed since the Motion to Dismiss was filed. The Count considers Plaintiffs' arguments conceded. The Court, therefore, concludes that Kaplan has not stated a counterclaim upon which relief could be granted.

4

## IV. Conclusion

For the reasons stated above, the Court finds good cause to GRANT the Motion to Dismiss the Counterclaim. An appropriate Order will issue.

April 14, 2016
Alexandria, VA

/s/ OG
Liam O'Grady
United States District Judge